4 U.S. 316
 4 Dall. 316
 1 L.Ed. 849
 Commonwealth
v.
Franklin et al.
 Supreme Court of Pennsylvania.
 December Term, 1804
 
 1
 THE general question, upon the constitutionality of the intrusion act (3 State Laws, 703. Dall. edit.) having been decided at the last term, in the affirmative, this case came again before the Court, upon the remaining exceptions in arrest of judgment, as they are stated ante, p. 257.; but the counsel for the defendants abandoned the third and fourth, and the argument and decision turned entirely upon the sixth and seventh, exceptions.
 
 
 2
 For the defendants. If the cause was never pending in the Circuit Court, as the sixth and seventh exceptions allege, all the proceedings there, are, of course, coram non judice; and the judgment must be arrested. These exceptions will, therefore, be first considered. Then, 1st. The certiorari is directed to a wrong Court. 2d. It is returned by unauthorised judges. 3d. It does not describe and identify the indictment, which is annexed to the return.
 
 
 3
 1st. The Court of Quarter Sessions, and of Common Pleas, are Courts of distinct, and independent, jurisdiction; though the same judges officiate in both Courts. Each has its own seal, its own record, and its own clerk; and the subjects of their cognizance are essentially different; the one relating to criminal prosecutions; and the other to civil suits. Const. art. 5. § 1. 7. 4 T. Rep. 499. 1 Bac. Abr. 572, 573. 2 Hawk. P. C. c. 27. § 80, 81. 72.
 
 
 4
 2d. The return is made by the associate Judges of the Common Pleas, to the Judges of the Supreme Court, and not to the Judges of the Supreme Court sitting as a Circuit Court. And the authorities already cited, show that a writ wrong directed, or wrong returned, will remove nothing.
 
 
 5
 3d. The indictment consists of two distinct counts, containing two distinct charges, of two distinct offences. Three of the defendants only are implicated in the charge of the first count: and yet the certiorari directs the removal of an indictment against the four defendants for both offences. This is not such an indictment, and, therefore, the proper record has never been removed. 2 Ld. Raym. 1199. 1 Ld. Raym. 609. 2 Hawk. c. 27. s. 32. 2 Ld. Raym. 1803.
 
 
 6
 For the commonwealth. The proecipe for the removal of the indictment, was written by the counsel of the defendant; the certiorari was worded conformably to the proecipe; the writ was specially allowed, and issued, at the instance of the defendants: and, yet, the defendants endeavour now to defeat the jurisdiction of the Circuit Court, by the irregularity of their own process. It is a general rule, in civil cases, that no man shall take advantage of his own wrong. In criminal cases, too it is a rule, that errors in form shall be taken advantage of as soon as is reasonable after they occur, or a waiver of the advantage shall be inferred; and an indictment may be removed, without certiorari, by delivery of the Justices, per manu propria. Here, the defendants appeared gratis, and never objected to the imputed errors, for a year after their trial. Hawk. B. 2. c. 27. s. 102. 2 Stra. 843. 2 Hale, 213. 2 Ld. Raym. 1518, 9.
 
 
 7
 But, independent of this general course of reasoning and authority, the certiorari is well directed and returned. The true designation and official style of the Judges must be 'Judges of the Court of Common Pleas;' for, their commissions are only in that character; and 'Judges of the Court of Quarter Sessions,' is a style of office unknown to the constitution and laws. The certiorari is directed 'to the Judges of the Court of Common pleas, for Luzerne county, and every of them, to remove the indictment depending before them, or some of them.' Now, the indictment must have been depending before them, or some of them, sitting as a Court of Quarter Sessions. The only us of a description is, to ascertain the person required to do an act; and here the description does ascertain the persons, who composed the Court of Quarter Sessions; who are, therefore, the persons, before whom the indictment was found; who ought to transmit the record to the superior Court; and who have sufficiently done so, by returning it to the Judges of the Supreme Court, those Judges being the constitutent members of the Circuit Court, sitting in the county of Luzerne.
 
 
 8
 Nor is the objection to the description of the indictment more valid, than the objection to the description of the Judges. The certiorari does not, in fact, call for the removal of an indictment against four persons for two offences; but is issued 'to remove an indictment for combining and conspiring for the purpose of conveying, possessing, and settling on lands, &c. And also for combining and conspiring for the purpose of laying out townships, &c. wherein the commonwealth is plaintiff, and John Franklin, Elisha Satterlee, John Jenkins, and Joseph Biles, are defendants;' that is to say, an indictment wherein the commonwealth is plaintiff, and those four persons are defendants, although it may contain a count, in which three only are charged; and an indictment which does, indeed, charge two offences to have been committed, though three of the defendants committed the first, and all of them committed the second. Even, however, suppose, that the certiorari had described an indictment against four persons, when only three were, in fact, indicted; yet, the record being transmitted, and the three persons indicted, actually appearing, and being tried, there can be no injustice, or irregularity in the proceeding. 4 Vin. Abr. 337. (B. 2.) pl. 2. 1 Roll. Abr. 395. 4 Vin. Abr. 338. pl. 6. in note. Ibid. pl. 7. 2 H. H. P. C. 214. 4 T. Rep. 499.
 
 
 9
 SHIPPEN, Chief Justice.
 
 
 10
 The objection to the direction of the certiorari is fatal. The power and cognizance of the Judges of the Court of Common Pleas, do not extend to criminal cases. Those Judges are, indeed, ex officio, members of another Court, which possesses a criminal jurisdiction; but, when sitting there, they are Judges of the Court of Quarter sessions, not of the Common Pleas.
 
 
 11
 I am, also, inclined to think, that a certiorari, calling for the removal of an indictment against four, generally, will not remove an indictment, which charges only three persons, in one of its counts. It it true, that the Circuit Court may obtain the removal and cognizance of an indictment, as well upon the delivery of the record, by one of the Judges of the Court of Quarter Sessions, per propria manu, as upon the return to a certiorari. The present case, however, rests upon the authority of the writ; and, though it is not without doubt, I am disposed to hold, that not only the direction the return are irregular; but that the body of the writ is defective, in the description of the indictment to be removed.
 
 
 12
 YEATES, Justice.
 
 
 13
 The authorities cited for the commonwealth are in point, to show that the certiorari for the removal of an indictment against four, is sufficiently descriptive, to remove an indictment against three only, under such circumstances, as appear upon the present occasion. My only difficulty, therefore, arises from the direction and the return of the writ; which, on a question of jurisdiction, in a criminal case, must, I think, be deemed fatally irregular.
 
 
 14
 SMITH, Justice.
 
 
 15
 I have hitherto declined taking any part in the judicial proceedings against the defendants; because, I am personally interested in the lands, on which, it is charged, they have unlawfully intruded. But as my opinion is favourable to them, on the present point, I will not abstain from delivering it.
 
 
 16
 The last objection is fatal, I think, to the proceedings. The direction of the certiorari was to the Judges of a wrong Court; and the return of the writ is, also, made by the judges of a wrong Court. The Judges of the Court of Common Pleas never had cognizance of the indictment; nor could they have any power over the record of the Court of Quarter Sessions, to transmit it to the Circuit Court. The trial was, therefore, coram non judice. Judge BRACKENRIDGE and myself determined the same point, the same may, in Centre county, upon the removal of an indictment by the commonwealth.
 
 
 17
 BRACKENRIDGE, Justice.
 
 
 18
 Having already decided the leading question, in the case referred to by Judge SMITH, it is only necessary to add, that I have heard nothing, upon the present occasion, to induce me to change my opinion.
 
 
 19
 Judgment arrested.